COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
3rd DIVISION

FILED ENTERED
OCT 2007
FAYETTE CIRCUIT CLERK
BY DEdwards DEPUTY

CIVIL ACTION NO. 07-CI-4928

CHRISTOPHER HARRIS PLAINTIFF

COMPLAINT

CERADYNE, INC DEFENDANT

Please serve:
JERROLD J. PELLIZZON
695 LACO DRIVE
LEXINGTON, KY 40510

***** ***** *****

Comes the Plaintiff, Christopher Harris (hereinafter "Plaintiff"), by and through counsel, and for his Complaint against the Defendant states as follows:

JURISDICTION AND VENUE

1. That this action arises under the laws of the State of Kentucky, Chapter KRS 344.040, Chapter KRS 344. 030, and Chapter KRS 342,197

2. That the jurisdiction of this court is invoked under the provisions of the Kentucky Constitution, this being an action arising under the laws of the State of Kentucky as well as being an action to recover damages and equitable relief established by the Kentucky Legislature for the protection of one's civil rights.

3. That the acts herein complained of occurred within Fayette County, in the state of Kentucky, and Venue of such matters as complained of herein is placed in the Fayette Circuit Court.

PARTIES

4. That the plaintiff is a black male and at the time of the allegations stated herein was a resident of the State of Kentucky, Fayette County, and during the occurrence of the allegation alleged herein resided at126 Nave Place Nicholasville, Kentucky 40356. The Plaintiff's current address is 315, 13th Street, Beaver Falls, PA 15010.

5. That the Defendant, Ceradyne is doing business in Fayette County, Kentucky, and is an "Employer" as defined by KRS 344.030 (2), for the purposes of "Disability Discrimination and Race Discrimination.

COUNT 1 --DISABILITY DISCRIMINATION

6. That the Plaintiff is a qualified individual with a disability in that the Plaintiff has a Physical impairment that substantially limits one or more of his major life activities, and the Plaintiff has a record of such Physical impairment.

7. That the Defendant regarded the Plaintiff as having a Physical impairment that substantially limited on or more of his major life activities.

8. That the Plaintiff, being a qualified individual with a disability, can, with reasonable accommodation, perform the essential functions of the position of Team Leader.

9. That in December 2006 the Plaintiff was constructively terminated from his job when the Defendant informed him that they would have to let him go because they had no job that he could perform with his restrictions.

10. That KRS 344.030 (1) places a duty upon the defendant to make reasonable

accommodations unless the defendant demonstrates that he is unable to reasonably accommodate that plaintiff because such accommodations would constitute undue hardship on the defendant's business. The Defendant has failed to demonstrate undue hardship. Moreover, the Defendant has failed to demonstrate that the Plaintiff cannot perform the essential functions of available jobs with or without reasonable accommodations.

11. That KRS 344.030 (6) defines "reasonable accommodations" as:

making existing facilities used by employees readily accessible to and usable by individuals with disabilities, job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

12. That KRS 344.030 (9) defines "undue hardship" for the purpose of disability discrimination as follows:

13.

"Undue hardship," for the purposes of disability discrimination means an action requiring significant difficulty or expense, when considered in light of the following factors:

a. The need and const of the accommodation needed;

b. The overall financial resources of the facility or facilities involved in the provision of the reasonable accommodation; the number of persons employed at the facility; the effect on expenses and resources; or the impact otherwise of such accommodation upon the operation of the facility;

c. The overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; and the number type; and location of its facilities; and

d. The type of operation of operations of the covered entity, including the

composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative, or fiscal relationship of the facility or facilities in question to the covered entity.

14. That the Defendant's failure to accommodate the Plaintiff in a timely fashion has caused the Plaintiff to lose salary in excess of the jurisdictional minimum of this Court.

15. That the Defendant demonstrated a deliberate indifference to the Civil Rights of the Plaintiff and other "qualified individuals with a disability" and other employees.

16. That as a direct and proximate result of the actions of the Defendant as herein set out, the Plaintiff was exposed to public ridicule and disgrace, suffered great mental and physical anguish, and was humiliated and embarrassed.

COUNT II --RACE DISCRIMINATION

17. That Plaintiff alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 17 above as if set out in full herein.

18. That the Defendant discriminated against the Plaintiff, in that the Defendant treated the Plaintiff different with respect to privileges of employment because of the plaintiff race.

19. That the Defendant deprived the Plaintiff of employment opportunities because of the Plaintiff race which is African-American.

20. That the Plaintiff is/was qualified to be a supervisor in the Defendant's company yet the Defendant refused to promote the Plaintiff to the position of supervisor.

21. That the Defendants have a policy or practice of discriminating against African-Americans because of their race. Simply, the defendant discriminates against African Americans with respect to African Americans conditions and privileges of employment because of their race.

WHEREFORE, the Plaintiff demands as follows:

1. Judgement against the Defendant for actual or back pay, including loss of benefits.

2. Trial by jury.

3. Compensatory damages in excess of the minimum jurisdictional limits of this Court.

4. Punitive damages in excess of the minimum limits of this Court.

5. Award the Plaintiff the costs and expenses of this action, including a reasonable attorney fee.

6. For an Order reinstating.

7. Such other or alternative relief, both legal and equitable, as the court deems just and proper.

Respectfully submitted,

Hon. H. Wayne Roberts
Attorney for Plaintiff
333 West Vine Street, Ste. 1640
Lexington, Kentucky 40507
Phone: (859) 225-0062
Fax: (859) 225-0763

AOC-105 Doc. Code: CI
Rev. 1-07 10/15/2007 01:38 pm
Page 1 of 1 Ver. 1.02
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 4.02; CR Official Form 1

**CIVIL SUMMONS**

Case No. 07-CI-4522
Court [✓] Circuit [ ] District
County Fayette

12-14-07 Tried to Serve in HR ... is at 3169 Redhill ... Costa Mesa Calif 92626

PLAINTIFF

CHRIS HARRIS

VS.

DEFENDANT

CERADYNE INC.

JAN 09 2008

**Service of Process Agent for Defendant:**

JERROLD PELLIZZON
695 LACO DRIVE

LEXINGTON Kentucky 40510

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ... 2007, 2______

WILMA F. LYNCH
FAYETTE CIRCUIT COURT
FAYETTE COUNTY
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507 Clerk

By: DEdwards D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: Unable to locate in Fayette Cty

this 09 day of January, 2008.

Served by: Mary Ann Jones
DCFC Title

JOYCE CLATER, FIRST DISTRICT CONSTABLE
107 1/2 CHURCH ST. LEXINGTON, KY 40507
(859) 255-4371

